UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ADAM ALEXANDER FRAZIER,

Plaintiff,

v.  4:10-cv-213

DOLLAR TREE STORES, INC.,

Defendant.

## ORDER

### I. INTRODUCTION

Adam Alexander Frazier ("Frazier") filed an employment discrimination complaint against Dollar Tree Stores, Inc. ("Dollar Tree"). The complaint itself is devoid of any specific allegations of discrimination, and contains only the most basic information about Frazier. *See* Doc. 1. On the form complaint, Frazier has checked boxes to indicate that he is complaining of "termination of [his] employment" and Dollar Tree's "failure to promote" him. *See id.* at 6. He also checked boxes to indicate that Dollar Tree discriminated against him on the basis of race, sex and national origin. *See id.* at 7. Frazier names "Ms. Jane" and "Mr. Tim" as the individuals who discriminated against him, but left the space for detailing the factual basis for his complaint entirely blank. *See id.*

Apparently in lieu of detailed factual allegations on the complaint form, Frazier attached the following documents to his complaint: (1) copies of three of Frazier's paystubs from Dollar Tree, dated April 4, 2009, April 10, 2009, and May 8, 2009; (2) Frazier's statement; (3) Naja Orr's statement; (4) John Berrien's statement; (5) Tonya Jenkins's statement; (6) marked-up excerpts from the Dollar Tree Store Associates' Handbook, pages 13, 20, 29, 31, and 32; (7) Letter from the United States Equal Opportunity Commission ("EEOC"), concluding that Frazier stated no claim against Dollar Tree; and (8) a Dismissal and Notice of Rights from the EEOC. *See id.* at 9-28.

Dollar Tree has moved the Court, not to dismiss Frazier's complaint entirely, but only to strike the attachments thereto. *See* Doc. 6.

### II. MOTION TO STRIKE

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Dollar Tree first argues that the attachments to Frazier's complaint are impertinent under Rule 12. *See* Doc. 6 at 3.

"Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) (citing *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003)). The Court should only exercise this discretion if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation omitted).

This is not a high bar to meet. Here, the pay records, employee statements, excerpts from the employee handbook, and EEOC communications are all potentially related to a claim that Dollar Tree discriminated against Frazier.

The Court acknowledges, however, that Frazier has presented the factual basis for his complaint in such a way that Dollar Tree cannot effectively respond. To remedy the confusion, Dollar Tree should have requested a more definite statement under Rule 12(e), rather than making a motion to strike the attachments to Frazier's complaint under Rule 12(f). *See Barnett v. Bailey*, 956 F.2d 1036, 1043 (11th Cir. 1992) (citing *Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981) (noting that "[i]f a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e) F.R.C.P.")).

The Court has the power to order re-pleading *sua sponte* despite the fact that Dollar Tree did not move the Court for such relief. *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). If the plaintiff subsequently fails to properly amend the pleading, "the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Id.*

### III. CONCLUSION

Based on the foregoing, Dollar Tree's Motion to Strike the attachments to Frazier's complaint is ***DENIED***, and Frazier is ordered to file an amended complaint that complies with all applicable Federal Rules of Civil Procedure within thirty (30) days of this Order.

This 22nd day of February 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA